J-S19033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| IAN RUTH | : | |
| | : | |
| Appellant | : | No. 1911 EDA 2017 |

Appeal from the Judgment of Sentence May 19, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No.:  CP-15-CR-0002720-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                                        **FILED JUNE 11, 2018**

Appellant, Ian Ruth, appeals from the judgment of sentence imposed following his jury conviction of three counts of receiving stolen property (RSP), and one count each of driving under the influence of alcohol or a controlled substance (DUI), unauthorized use of an automobile, person not to possess firearms, and firearms not to be carried without a license.[1]  Appellant's counsel seeks to withdraw her representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[1] 18 Pa.C.S.A. § 3925(a), 75 Pa.C.S.A. § 3802(d)(2) (second offense), and 18 Pa.C.S.A. §§ 3928(a), 6105(a)(1), and 6106(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

We take the relevant facts and procedural history of this case from our independent review of the certified record. On July 2, 2016, at 6:00 a.m., Sergeant David Smith of the Downingtown Borough Police Department observed a vehicle with a taillight out and no passenger side mirror. He checked the registration, and the vehicle was listed as stolen in Manheim Township. Sergeant Smith called for backup, and then initiated a traffic stop. Appellant was the driver of the vehicle, and he had a front seat passenger.

Sergeant Smith provided Appellant with **Miranda**[2] warnings, after which Appellant advised that the vehicle belonged to his mother, and that he would like to call her to resolve the situation.[3] Sergeant Smith observed that Appellant's eyes were red and watery, and he smelled of alcohol. The sergeant recovered a small amount of marijuana from Appellant's pocket, and Appellant admitted to smoking the drug. Analysis of Appellant's blood sample showed a blood alcohol content (BAC) of .108 percent, and the presence of cocaine metabolite.

Manheim Township Police confirmed that Susan Heater-Ruth had reported the vehicle stolen earlier that morning, at 3:45 a.m. Manheim Police also advised of the possibility of two guns missing from the home in the vehicle. Susan Heater-Ruth consented to a search of the car, and police recovered two firearms from the rear passenger area. Sergeant Smith learned

_____

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] Appellant resided with his mother, Susan Heater-Ruth, and his brother, Peter Ruth, at the time.

that Appellant did not have a license to carry a firearm, and that Peter Ruth owned the guns and did not give Appellant permission to use them.

A jury found Appellant guilty of the above-listed offenses on November 10, 2016.[4] On February 7, 2017, the trial court sentenced Appellant to an aggregate term of not less than seventeen nor more than thirty-four years' incarceration, plus ninety days on the DUI conviction. Appellant filed a timely motion to modify and reduce sentence on February 16, 2017. The trial court held a hearing on the matter on March 7, 2017, and ordered preparation of a pre-sentence investigation report (PSI). The court held another hearing on May 19, 2017, and resentenced Appellant to aggregate term of not less than fourteen nor more than twenty-eight years' incarceration. Appellant filed a timely notice of appeal on June 16, 2017.

On July 10, 2017, in response to the trial court's concise statement order, counsel filed a statement of intent to file an *Anders* Brief. *See* Pa.R.A.P. 1925(c)(4). The trial court entered a Rule 1925(a) statement on

---

[4] The person not to possess firearms charge was bifurcated, and the jury found Appellant guilty of that offense on the same date. Appellant had prior convictions for robbery and criminal conspiracy to commit burglary. (*See* N.T. Trial, 11/10/16, at 15-16).

Relevant to the instant appeal, after the Commonwealth rested in the person not to possess phase of the trial, defense counsel moved for a judgment of acquittal, arguing that the Commonwealth did not present evidence regarding the grading of Appellant's prior offenses as felonies. (*See* *id.* at 16-17). The Commonwealth reopened its case, after the court asked it if it wished to do so, and elicited testimony regarding the grading of the offenses. (*See* *id.* at 17-22).

August 1, 2017. *See* Pa.R.A.P. 1925(a). Counsel filed her petition for leave to withdraw and *Anders* brief on January 30, 2018.

> When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. Before counsel is permitted to withdraw, he or she must meet the following requirements:
>
> > First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.
>
> *Santiago*, [*supra*] at 361.

*Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 183 (Pa. Super. 2016) (some citations and footnote omitted).

> The *Anders* brief must
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

In the instant case, counsel has submitted to this Court an *Anders* brief in which she summarized the history of the case, referred to issues in the record that she believed arguably supported the appeal, and set forth her

conclusion that the appeal is frivolous, along with citation to supporting authority. Counsel has also provided a copy of the letter that she sent to Appellant informing him of his right to retain new counsel or proceed *pro se*, to raise any points he deems worthy of this Court's consideration. Accordingly, we conclude counsel has complied with the requirements of ***Anders*** and ***Santiago***. We, therefore, turn to the issues raised in the ***Anders*** brief and make an independent determination as to whether the appeal is, in fact, "wholly frivolous." ***Bynum–Hamilton***, ***supra*** at 184 (citation omitted).

The ***Anders*** Brief presents the following issues for our review:

I. Did the trial court improperly act as an advocate for the prosecution by suggesting that the prosecution reopen its case to present further evidence to support the persons not to possess firearms charge?

II. Was sufficient evidence presented to support convictions beyond a reasonable doubt?

III. Did the trial court sentence Appellant improperly without a pre-sentence investigation report?

IV. Did the trial court abuse its discretion in sentencing?

(***Anders*** Brief, at 6) (unnecessary capitalization omitted).

Appellant first argues that the trial court improperly acted as an advocate for the prosecution during trial on the bifurcated person not to possess firearms charge. (***See id.*** at 21-26). Appellant takes issue with the trial court's asking the prosecution if it wanted to reopen its case to present testimony regarding the grading of his prior offenses, after it had rested and

the defense moved for judgment of acquittal. (**See id.** at 21-24; **see also supra** at *3 n.4). This issue lacks merit.

Initially, we note that we review a trial court's decision to reopen a case for an abuse of discretion. **See Commonwealth v. Best**, 120 A.3d 329, 347 (Pa. Super. 2015). "Under the law of this Commonwealth a trial court has the discretion to reopen a case for either side, prior to the entry of final judgment, in order to prevent a failure or miscarriage of justice." **Id.** (citations omitted).

Additionally,

. . . [J]udicial proceedings must be unbiased and avoid the appearance of bias. **See**, **e.g.**, **Commonwealth v. Myma**, 278 Pa. 505, 123 A. 486 (1924) ("[T]he practice of a judge entering into the trial of a case as an advocate is emphatically disapproved . . . and that his undue interference, impatience, or participation in the examination of witnesses' may tend to prevent the proper and unbiased presentation of the case.")[.]

\*      \*      \*

. . . [W]hen a judge improperly acts as advocate, and his actions have an undue effect on the judicial process, a defendant may be entitled to relief. . . .

**Commonwealth v. Rega**, 933 A.2d 997, 1018 (Pa. 2007), *cert. denied*, 552 U.S. 1316 (2008) (one citation omitted).

Here, during the Commonwealth's case in chief, it moved into evidence as exhibits Appellant's prior guilty pleas for robbery and criminal conspiracy to commit burglary, both of which plainly reflect the grading of the offenses as felonies. (**See** N.T. Trial, 11/10/16, at 14-18; **see also** Exhibits C-17 and C-18). Furthermore, there is no grading for these offenses of less than a

- 6 -

felony. (**See** N.T. Trial, 11/10/16, at 17, 22). After review of the record, we cannot conclude that the trial court improperly acted as an advocate for the prosecution in inquiring if it wished to reopen its case to present further evidence on this point, or that the court's action had any undue effect on the trial. **See Rega**, **supra** at 1018. We discern no abuse of discretion in the trial court's decision to reopen the record prior to the verdict. **See Best**, **supra** at 347. Appellant's first issue merits no relief.

Appellant next challenges the sufficiency of the evidence supporting his DUI and three RSP offenses (relating to the vehicle and firearms). (**See Anders** Brief, at 28-33).[5] We will address his sufficiency claims seriatum.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

---

[5] Appellant does not raise specific sufficiency arguments regarding his remaining offenses, and appears to contest only the DUI and RSP convictions. (**See Anders** Brief, at 27-36).

***Commonwealth v. Davison***, 177 A.3d 955, 957 (Pa. Super. 2018) (citation omitted).

Appellant first challenges his DUI conviction, arguing that the Commonwealth presented insufficient evidence that he was incapable of safely operating his vehicle, where Sergeant Smith observed no erratic driving, speeding, or weaving. (***See Anders*** Brief, at 28-29). We disagree.

The relevant section of the DUI statute[6] provides as follows:

> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> \* \* \*
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

Here, the record reflects that, while Sergeant Smith conversed with Appellant regarding ownership of the vehicle, Appellant exhibited multiple signs of impairment, specifically red, watery eyes and an odor of alcohol. (***See*** N.T. Trial, 11/09/16, at 29). Appellant told the sergeant that he had smoked marijuana, and a blood test showed that he was under the influence of cocaine and alcohol. (***See id.*** at 29-30, 33-34). The sergeant testified that, in his opinion, Appellant was not capable of operating a motor vehicle safely, and

---

[6] The trial court sentenced Appellant on 75 Pa.C.S.A. § 3802(d)(2). (***See*** N.T. Resentencing, 5/19/17, at 26; Criminal Docket, at 3-4; Trial Court Opinion, 8/01/17, at unnumbered page 1).

that Appellant was under the influence of a controlled substance and alcohol at the time he was driving the car. (*See id.* at 35). Based on the foregoing, viewing the evidence in the light most favorable to the Commonwealth, *see Davison*, *supra* at 957, we conclude that it was more than sufficient to establish that Appellant was impaired to an extent that he was unable to safely drive. Therefore, Appellant's challenge to his DUI conviction fails.

Appellant next argues that the evidence was insufficient to sustain his RSP convictions, relating to Susan Heater-Ruth's vehicle and Peter Ruth's two firearms. (*See Anders* Brief, at 30-33). Appellant maintains that he had permission to use his mother's vehicle, and that he did not know that it was stolen or probably stolen. (*See id.* at 30). Appellant also claims that the Commonwealth failed to establish his constructive possession of the two firearms found behind the front passenger seat of the vehicle. (*See id.* at 31-33). We disagree.

A person is guilty of RSP if:

he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a).

Therefore, the Commonwealth must establish three elements: "(1) intentionally acquiring possession of the movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive

permanently." ***Commonwealth v. Robinson***, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*) (citations omitted).

With regard to Susan Heater-Ruth's vehicle, Appellant contests the second element. "A person 'knows' that goods are stolen if he is 'aware' of that fact." ***Id.*** (citation omitted). The guilty knowledge required may be inferred from circumstantial evidence. ***See id.*** Circumstantial evidence of guilty knowledge may include the recency of the theft, the place or manner of possession, the defendant's conduct or statements at the time of arrest, a false explanation for the possession, or any other evidence connecting the defendant to the crime. ***See id.*** at 268.

Here, Appellant indicated to Sergeant Smith that he had permission to drive his mother's vehicle, and that he would like to call her to resolve the situation. (***See*** N.T. Trial, 11/09/16, at 27). However, Susan Heater-Ruth testified that she did not give Appellant permission to drive her vehicle on the morning of the incident, that he does not have a drivers' license, and that he is not covered by her insurance. (***See id.*** at 77-78). She described a previous conversation with Appellant "rang[ing] from yelling to pleading with him" not to drive her car. (***Id.*** at 78). Ms. Heater-Ruth reported the car stolen at 3:45 a.m. when she discovered that it was missing from her home, and Sergeant Smith stopped Appellant in the vehicle a few hours later. (***See id.*** at 11, 37, 64, 78-79). In light of the foregoing, we conclude that the Commonwealth presented ample evidence of Appellant's knowledge that he did not have permission to drive his mother's vehicle, and that he had stolen it.

With respect to his RSP convictions for the two firearms found in the vehicle, Appellant contests that the evidence established the first element of RSP, *i.e.*, that he was in possession of the guns. **See Robinson**, **supra** at 265. Because Appellant was not in physical possession of the firearms, the Commonwealth was required to prove that he constructively possessed them. **See Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Id.** (citation omitted).

Instantly, Peter Ruth testified that, on the morning of the incident, he noticed that the safe where he stored his two firearms was missing from his bedroom. (**See** N.T. Trial, 11/09/16, at 87-88, 90). He further testified that Appellant was aware of the safe; that he did not give Appellant the code or keys to access it; and that he never gave Appellant permission to take or borrow the firearms. (**See id.** at 89, 91-92). Within hours of Peter Ruth's discovery that the firearms were missing, police recovered them from the back passenger side of Ms. Heater-Ruth's vehicle, within arms' reach of where Appellant had been driving. (**See id.** at 43). When viewed in their totality,

these facts and circumstances support the jury's finding that Appellant was in constructive possession of the firearms. *See Hopkins*, *supra* at 820. Accordingly, Appellant's sufficiency claims concerning his RSP convictions fail.

Appellant's final two claims challenge the discretionary aspects of his sentence. (*See Anders* Brief, at 37-48). Specifically, Appellant argues that the court improperly sentenced him without a PSI, and that it imposed an excessive sentence without considering mitigating factors. (*See id.* at 37, 46-47).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 27 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017) (quotation marks and case citations omitted).

In the instant case, Appellant met the above elements by filing a timely notice of appeal, preserving the issues, and including a Rule 2119(f) statement in his brief. Additionally, both of Appellant's issues raise substantial questions. *See Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 724–25 (Pa. Super.

2013); *see also Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa.

Super. 2015). Therefore, we will address them on the merits. Our standard

of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Johnson*, *supra* at 826 (citations omitted).

Appellant first contends that the trial court improperly sentenced him

without a PSI. (*See Anders* Brief, at 37-40). This claim is belied by the

record.

Initially, we note that

> The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a pre-sentence investigation (PSI) as an aid in imposing an individualized sentence. Specifically, Pa.R.Crim.P. 702 provides, in relevant part, the following:

> **702. Aids in Imposing Sentence**

> **(A) Pre-sentence Investigation Report**

> (1) The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.

> (2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

> (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]

Pa.R.Crim.P. 702(A)(1),(2)(a) (bold in original).

* * *

> The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background. . . . The court must exercise the utmost care in sentence determination if the defendant is subject to a term of incarceration of one year or more[.]

*Carrillo-Diaz*, *supra* at 725–26 (case citation and footnote omitted).

Here, the trial court initially did sentence Appellant on February 7, 2017, without first ordering a PSI. However, at the hearing on Appellant's motion for reconsideration of sentence, the court indicated that it was open to revisiting the sentence and to receiving additional information. (*See* N.T. Hearing, 3/07/17, at 4-6). It ordered preparation of a PSI and a drug and alcohol evaluation. (*See id*. at 7, 9). Defense counsel and Susan Heater-Ruth provided the court with additional information regarding Appellant's background, including his drug and alcohol abuse, mental health issues, and time spent in foster care. (*See id.* at 2-3, 5-6). At the resentencing hearing, the court heard from Appellant, who recounted his struggles with substance abuse. (*See* N.T. Resentencing, at 21-23). The court then resentenced Appellant, with the benefit of a PSI, additional testimony, and evaluations.

(*See id.* at 21, 24, 27). Therefore, Appellant's claim that the court improperly sentenced him without a PSI is baseless, and is belied by the record.

In his final issue, Appellant argues that the trial court abused its discretion by imposing an excessive sentence without considering his rehabilitative needs and mitigating factors. (*See Anders* Brief, at 43-47). He maintains that court did not take into consideration his drug and alcohol abuse in formulating an appropriate sentence. (*See id.* at 46-47). This issue does not merit relief.

We emphasize that where "the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Johnson*, *supra* at 827 (citation omitted).

Here, as previously discussed, the trial court had the benefit of a PSI at resentencing, and it had heard from Susan Heater-Ruth, Appellant, and defense counsel regarding Appellant's troubled background and struggles with substance abuse. (*See* N.T. Hearing, 3/07/17, at 2-3, 5-6; *see also* N.T. Resentencing, at 21-23). Before resentencing Appellant, the court expressly stated that it had taken everything the parties brought to its attention into account, and explained that Appellant's prior criminal history was the major driving force behind the sentence. (*See* N.T. Resentencing, at 24). Therefore, the record reflects that the court formulated its sentence taking into consideration all relevant mitigating information in Appellant's personal history.

Because we discern no abuse of discretion in the court's imposition of sentence, Appellant's final issue merits no relief. **See Johnson**, **supra** at 826. Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." **Bynum–Hamilton**, **supra** at 184 (citation omitted).

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/18