COMMONWEALTH of Pennsylvania

v.

Shawn DAVISON, Appellant

No. 488 WDA 2017.

Superior Court of Pennsylvania.

Submitted December 11, 2017
Filed January 18, 2018

Timothy J. Lyon, Pittsburgh, for appellant.

Francesco L. Nepa, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: BENDER, P.J.E., STEVENS *, P.J.E., and STRASSBURGER **, J.

OPINION BY STEVENS, P.J.E.:

Appellant Shawn Davison appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Allegheny County on September 8, 2015, after a jury convicted him of one count each of robbery and harassment on June 22, 2015.[1] Appellant challenges the sufficiency of the evidence to support the robbery charge. We affirm.

Appellant's convictions arose out of an incident with his ex-paramour in the presence of her four-year-old son shortly after the couple's breakup. Appellant was sentenced to a term of imprisonment for the robbery count of two (2) years to four (4) years along with a concurrent term of ten (10) years' probation. Appellant did not file a timely post sentence motion or a direct appeal. Instead, he filed a *pro se* document on November 30, 2015, which the trial court treated as a timely first petition pursuant to the Post Conviction Relief Act.[2] Counsel was appointed and filed an amended PCRA petition on September 22, 2016, seeking the reinstatement of Appellant's post-sentence and appellate rights. In its Order entered on September 29, 2016, the trial court granted the amended PCRA petition.

On October 20, 2016, Appellant filed a post-sentence motion. Appellant's motion was denied by operation of law on March 1, 2017, and Appellant filed a timely notice of appeal on March 28, 2017. In its Order entered on March 29, 2017, the trial court directed Appellant to file a concise statement of the matters complained on appeal, and it later granted his motion for an extension of time in which to file the same on April 19, 2017. On May 16, 2017, Appellant filed his Concise Statement of Errors Complained of on Appeal which spanned seven (7) pages; however, in his brief, Appellant presents a single question for our review:

1. Whether the trial court erred in denying [Appellant's] Motion for Judgment of Acquittal as to his robbery conviction where the Commonwealth failed to present sufficient evidence that [Appellant] caused bodily injury to the victim, threatened the victim with bodily injury or placed the victim in fear of immediate bodily injury?

---

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. §§ 3701(a)(1)(4); 2709(a)(1), respectively.

2. 42 Pa.C.S.A. §§ 9541–9546.

Brief for Appellant at 5 (unnecessary capitalization omitted).

This Court's standard of review of the challenge to the sufficiency of the evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542–43 (Pa.Super. 2015), *appeal denied*, 635 Pa. 773, 138 A.3d 4 (2016).

The Crimes Code has defined the offense of Robbery, in relevant part, as follows:

(a)  **Offense defined.—**

(1)  A person is guilty of robbery if, in the course of committing a theft, he:

* * *

(iv)  inflicts bodily injury upon another **or** threatens another with **or** intentionally puts him in fear of immediate bodily injury;

18 Pa.C.S.A. § 3701(a)(1)(iv) (emphasis added). "Bodily Injury" means "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

█ . In determining whether all of the elements of the crime of robbery have been met, "[a] reviewing court will consider the defendant's intent and actions and not necessarily the subjective state of mind of the victim." *Commonwealth v. Rodriguez*, 449 Pa.Super. 319, 673 A.2d 962, 966 (1996). "Whether the victim was in fact put in fear under such circumstances was not controlling." *Commonwealth v. Leatherbury*, 326 Pa.Super. 179, 473 A.2d 1040, 1042 (1984) (citations omitted).

█ While Appellant herein admits that the victim, Ms. Yan Wang, "testified that, among other things, [Appellant] forced himself into her car, punched her in the head multiple times, and took her purse[,]" he contends that Ms. Wang, never stated at trial that she had been in substantial pain, which is a necessary element to prove she sustained bodily injury. Brief for Appellant at 10–11. Appellant reasons that Ms. Wang's "affirmative response to experiencing pain on direct-examination does not reveal the type of pain she experienced" and chides the Commonwealth for "never ask[ing] Ms. Wang to quantify or clarify the level of pain she experienced ... to clarify whether the pain Ms. Wang felt was substantial." *Id.* at 16–17. In addition, Appellant maintains "it is not reasonable to infer the existence of substantial pain under the circumstances presented here. *Id.* at 18–19. Appellant states that "Ms. Wang testified to experiencing only some level of pain, she never explained the

type of pain she felt, and the Commonwealth never asked her to do so." *Id.* at 19.

Appellant finds support for his contention that the Commonwealth failed to meet its burden of proof that he inflicted bodily injury upon Ms. Wang during the course of committing a theft in the in trial court's explanation in its Pa.R.A.P 1925(a) Opinion. Therein, the trial court held that the robbery conviction also could be sustained because the Commonwealth's evidence established Appellant's actions put Ms. Wang in fear of immediate bodily injury. However, Appellant opines that the Commonwealth failed in this regard as well and in doing so reasons that Ms. Wang failed to state either that she felt threatened by Appellant or that he placed her in fear of immediate bodily injury. Brief for Appellant at 19–20. Following our review of the record, we find Appellant's argument is without merit.

The trial court addressed Appellant's challenge to the sufficiency of the evidence as follows:

Sufficiency of Robbery Evidence

[Appellant's] initial attack on the jury's verdict is that the government did not provide sufficient evidence that he inflicted bodily injury or that he threatened her with bodily injury or put her in fear of immediate bodily injury. *Concise Statement,* paragraph 13(A), (May 16, 2017). The evidence supports the government's position.

Yan Wang and [Appellant] were girlfriend and boyfriend. They had been so for about 4 months. That is until January 14, 2015. That morning Ms. Wang "broke up with him". Trial Transcript ("TT"), pg. 31[1] [Appellant] "was not happy. He was upset and angry". Id. He would not leave the house until she threatened to call the police. TT, 32. Around 9 a.m., he finally left the house. TT, 34.

Later that day, around 4 p.m., Ms. Wang is driving home. Her 4 year old son is in the car. Her 13 year old daughter is at home waiting her mom's return. She makes her normal turn down the back alley behind her house and immediately sees [Appellant] "standing in the alley". TT, 35. She proceeds to park her car and [Appellant] "is right at my car already". Id. He opens the passenger side door and "shoved" the 4 year old out of the car. TT, 61. The youngster hits the pavement and cries erupt. TT, 38. Ms. Wang then gets punched in the head. Her right side above her ear. TT, 38. She then senses her purse, which was on top of the middle console of her Nissan Rogue, being taken by [Appellant]. TT, 35, 39. She tries to hold on to her purse. Her efforts are meet [sic] with more punches—maybe 3 or 4—to the same area of her head. TT, 39.[2] When she could not hold on any longer, [Appellant] took her "purse and ran away". TT, 40.[3] Start to finish, the event took 10 to 15 seconds. TT, 42.

From these facts, we can scrutinize [Appellant's] legal position. [Appellant] was charged with robbery under Section 3701(a)(1)(iv) of Title 18. Its focus is on bodily injury and two, possible variances. "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. The most revealing testimony this jury heard regarding Ms. Wang's injuries was what she told them about the next day. She felt pain and looked in the mirror. After brushing aside her hair, she saw a bump above her right ear in the same area as she was punched. It took a few days for that bump to go away. TT, 62. This evidence satisfies the definition of bodily injury. See, Commonwealth v. Richardson, [431 Pa.Super. 496] 636 A.2d 1195 (Pa. Super. 1994); Commonwealth v.

Jorgenson, [341 Pa.Super. 550] 492 A.2d 2 (1985), rev'd. on other grounds, [512 Pa. 601] 517 A.2d 1287 (Pa. 1986) (jury may infer that twice striking a person across the face causes pain even if there is not testimony of pain).

The robbery charge could also be sustained if the government's evidence could be characterized as putting one in fear of immediate bodily injury. A collection of facts allows for this conclusion to be reached. An hours old break-up of a relationship. Waiting for the victim to arrive home. Hastily entering the car upon it coming to stop. Casting aside a 4 year old to get at one's object of hatred. Several blows to the head. This sequence of events would have put a reasonable person in Ms. Wang's shoes to be in fear of bodily injury.

[1] The transcript from the 1 day jury trial was filed on April 21, 2016 and has a tracking number of T16–0872.

[2] The government's second witness was Ms. Wang's teenage daughter, Anna Hoskins. She told the jury she saw [Appellant] hit her mom "maybe four times." TT, 68.

[3] Ms. Hoskins told the jury she saw her mom's purse in [Appellant's] hand as he was running away. TT, 68.

Trial Court Opinion, filed 7/25/17, at 1–3.

We agree with the sound reasoning of the trial court. *See id.* Contrary to Appellant's claims, the caselaw does not require a victim to quantify the precise level of the pain she sustained to establish that she sustained bodily injury in the course of a robbery. When viewed in a light most favorable to the Commonwealth as the verdict winner, the record reveals Appellant attacked Ms. Wang in her parked car and punched her four or five times in the side of her head while taking her purse. The incident occurred in the presence of Ms. Wang's four-year-old son whom Appellant had shoved from the car onto the ground. As a result of the multiple blows, Ms. Wang testified she was "in shock and in pain," and sustained bruising and a bump above her right ear that lasted three to four days. N.T. 37–40; 44; 49–52; 60–62; 67–68.

In *Commonwealth v. Leatherbury*, 326 Pa.Super. 179, 473 A.2d 1040 (1984), this Court held that an aggressive act intended to place the victim in fear that he was in danger of immediate physical harm was sufficient to support a robbery conviction under section 3701(a)(1)(iv). In doing so, we found the fact that the defendants did not actually inflict bodily injury was not controlling. *Id.* at 1042. Further, in *Commonwealth v. Farmer*, 241 Pa.Super. 373, 361 A.2d 701 (1976), the defendant was convicted of robbery after he grabbed the victim's pocketbook and punched her in the face. Although the victim did not testify that she had been threatened verbally, this Court held "the lower court justifiably concluded that appellant possessed the intent to place his victim in fear of such injury, since intent can, and in most cases necessarily must, be inferred from the circumstances and since a punch to the face can easily cause serious injury or even death." *Id.* at 702.

In light of the foregoing, we conclude that under the totality of the circumstances, sufficient evidence demonstrated Appellant caused Ms. Wang bodily injury and both threatened and placed her in fear of bodily injury.

Judgment of sentence affirmed.