J-S10023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MACDIJON WHITE | : | |
| | : | |
| Appellant | : | No. 367 EDA 2017 |

Appeal from the Judgment of Sentence January 9, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012686-2014

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                                    **FILED MAY 30, 2018**

Appellant, Macdijon White, appeals from the judgment of sentence entered on January 9, 2017.  We affirm.

The factual background of this case is as follows.  On April 24, 2014, Appellant invited B.P. ("Victim"), then 15½ years old, over to his apartment. After smoking marijuana, Appellant forced Victim onto his bed.  He performed oral sex on her while she attempted to push him away. Thereafter, Victim stood up, pulled up her pants, and told Appellant she was leaving.  Appellant then removed his pants, pulled Victim's pants down, and forced his penis into Victim's vagina while holding her down.

The procedural history of this case is as follows. On December 2, 2014, the Commonwealth charged Appellant via criminal information with rape,[1] unlawful restraint,[2] statutory sexual assault,[3] indecent assault of a person under the age of 16,[4] sexual assault,[5] indecent exposure,[6] simple assault,[7] false imprisonment,[8] and involuntary deviate sexual intercourse with a person under the age of 16.[9] On October 21, 2016, the trial court convicted Appellant of rape, indecent assault of a person under the age of 16, sexual assault, and involuntary deviate sexual intercourse with a person under the age of 16. On January 9, 2017, the trial court sentenced

_____

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 18 Pa.C.S.A. § 2902(a)(1).

[3] 18 Pa.C.S.A. § 3122.1(a)(1).

[4] 18 Pa.C.S.A. § 3126(a)(8).

[5] 18 Pa.C.S.A. § 3124.1.

[6] 18 Pa.C.S.A. § 3127(a).

[7] 18 Pa.C.S.A. § 2701(a).

[8] 18 Pa.C.S.A. § 2903(a).

[9] 18 Pa.C.S.A> § 3123(a)(7).

Appellant to an aggregate term of four to eight years' imprisonment. This timely appeal followed.[10]

Appellant presents two issues for our review:

1. Should [Appellant] be discharged on rape and sexual assault[ charges] because the evidence showed that [Appellant]'s conduct only rose to the level of statutory sexual assault?

2. Should [Appellant] be discharged on the counts for indecent assault of a person under the age of 16, and involuntary deviate sexual intercourse with a person under the age of 16, because [Appellant] showed by a preponderance of the evidence that [he] reasonably believed [Victim] to be over the age of 16?

Appellant's Brief at 4.

Both of Appellant's issues challenge the sufficiency of the evidence. "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Edwards**, 177 A.3d 963, 969 (Pa. Super. 2018) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Sweitzer**, 177 A.3d

---

[10] On July 12, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On July 30, 2017, Appellant filed his concise statement. On August 15, 2017, the trial court issued its Rule 1925(a) opinion. Appellant included both of his issues in his concise statement.

253, 257 (Pa. Super. 2017) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Davison*, 177 A.3d 955, 957 (Pa. Super. 2018) (cleaned up).

In his first issue, Appellant argues that there was insufficient evidence to convict him of rape. Specifically, Appellant argues that there was insufficient evidence to prove that he used forcible compulsion when engaging in vaginal intercourse with Victim. Forcible compulsion is defined as "[c]ompulsion by use of physical, intellectual, moral, emotional[,] or psychological force, either express or implied." 18 Pa.C.S.A. § 3101. Moreover,

> the force necessary to support a conviction of rape need only be such as to establish lack of consent and to induce the victim to submit without additional resistance. The degree of force required to constitute rape is relative and depends on the facts and particular circumstance of the case.

*Commonwealth v. Farmer*, 758 A.2d 173, 181 (Pa. Super. 2000), *appeal denied*, 771 A.2d 1279 (Pa. 2001) (cleaned up).

Contrary to Appellant's argument, the fact that Victim was not forced into his apartment and did not scream during the intercourse does not prove that Appellant failed to use forcible compulsion. Appellant continued to penetrate Victim's vagina with his penis while she said no and attempted to

push him away. N.T., 10/21/16, at 29. Moreover, Appellant physically held Victim down during the assault. *Id.* at 29-30. These actions constituted the use of forcible compulsion during the sexual assault sufficient to sustain the rape conviction. Accordingly, there was sufficient evidence to convict Appellant of rape.

Appellant also argues that there was insufficient evidence to convict him of sexual assault. Our Supreme Court has held that an individual guilty of rape by forcible compulsion is *ipso facto* guilty of sexual assault, *i.e.*, that sexual assault is a lesser included offense of rape by forcible compulsion. *Commonwealth v. Buffington*, 828 A.2d 1024, 1031–1032 (Pa. 2003). Hence, for the reasons set forth above, there was sufficient evidence to convict Appellant of sexual assault.

In his second issue, Appellant argues that there was insufficient evidence to convict him of indecent assault of a person under the age of 16 and involuntary deviate sexual intercourse with a person under the age of 16. He argues that he reasonably believed that Victim was at least 16 years of age at the time of the assault. With respect to both of these offense, "it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be [at least 16 years of age]." 18 Pa.C.S.A. § 3102. At trial, Victim testified that she specifically told Appellant that she was 15 years old. N.T., 10/21/16, at 70. The trial court, sitting as fact-finder, credited this testimony over Appellant's mother's

testimony that Victim told her that she was 17 years old. As noted above, we must view the evidence in the light most favorable to the Commonwealth when reviewing a challenge to the sufficiency of the evidence. In this case, Victim's testimony that she explicitly told Appellant that she was 15 years old prior to the sexual assaults constituted sufficient evidence to rebut Appellant's mistake of age defense. Accordingly, there was sufficient evidence to convict him of indecent assault of a person under the age of 16 and involuntary deviate sexual intercourse with a person under the age of 16.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/18