J-S57023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KERRY RANSOME | : | |
| | : | |
| Appellant | : | No. 2268 EDA 2017 |

Appeal from the Judgment of Sentence June 16, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0003919-2016

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 07, 2018**

Appellant, Kerry Ransome, appeals from the judgment of sentence imposed following his bench conviction of aggravated assault, burglary, criminal trespass, simple assault, possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, possession of an instrument of crime, and recklessly endangering another person (REAP).[1] We vacate Appellant's conviction of firearms not to be carried without a license and carrying a firearm in public in Philadelphia, and affirm in all other respects.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 3502(a)(1)(i), 3503(a)(1)(ii), 2701(a), 6105(a)(1), 6106(a)(1), 6108, 907(a), and 2705, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

The trial court aptly set forth the factual and procedural background as follows:

>        At 7:30 P.M. on March 11, 2016, [Appellant] kicked open the door to Rashida Butler's residence, pointed a gun at her and her friend, and struck Ms. Butler in the head with the firearm before running away. [Appellant] and Ms. Butler had dated in the past but were no longer dating at the time of this incident. Ms. Butler was taken to the hospital by ambulance for a laceration to her forehead.
>
>        The [c]ourt found [Appellant] guilty of the above offenses and deferred sentencing for completion of a presentence investigation. Because [Appellant] had previously been convicted of robbery, he faced a mandatory minimum sentence of [not less than ten nor more than twenty] years of incarceration for the burglary conviction pursuant to 42 Pa.C.S.[A.] § 9714. On June 16, 2017, the [c]ourt imposed the mandatory minimum sentence, as well as concurrent terms of [not less than five nor more than ten] years of incarceration for the aggravated assault conviction and the violation of section 6105 [(possession of a firearm prohibited)]. The [c]ourt ordered no further penalty on the remaining offenses, for an aggregate sentence of [not less than] ten [nor more than] twenty years. [Appellant] appeals.[2]

(Trial Court Opinion, 12/19/17, at 1-2) (record citation omitted).

Appellant raises two questions for our review.

[1.] Was the evidence insufficient as a matter of law to convict [Appellant] of the crimes of possessing a firearm without a license and carrying a firearm in Philadelphia as set forth in 18 Pa.C.S.A. §§ 6106 and 6108 of the Crimes Code where the evidence of record does not establish that the item allegedly used by [Appellant] had a barrel length or overall length which satisfied the definition of firearm as that term is defined in 18 Pa.C.S.A. § 6102?

---

[2] Appellant filed a timely statement of errors complained of on appeal on August 7, 2017. With the court's permission, he also filed supplemental statements on August 10, 2017 and August 29, 2017. The court filed an opinion on December 19, 2017. *See* Pa.R.A.P. 1925.

[2.] Should the mandatory minimum sentence imposed by the trial court under 42 Pa.C.S.A. § 9714 be vacated, and this matter remanded for a new sentencing hearing, due to the fact that § 9714 is unconstitutional as currently drafted insofar as it violates [Appellant's] rights under the Fifth and/or Sixth Amendment to the U.S. Constitution (made applicable in this matter by the Fourteenth Amendment to the U.S. Constitution) and Article I, § 9 of the Pennsylvania Constitution?

(Appellant's Brief, at 5).

In his first issue, Appellant maintains that the evidence was insufficient to prove that he violated sections 6106 (firearms not to be carried without a license) and 6108 (carrying a firearm in public in Philadelphia) of the Uniform Firearms Act because "there is no evidence of record that [he] possessed a 'firearm' as that term is defined in 18 Pa.C.S.A. § 6102." (*Id.* at 19). The court and the Commonwealth agree that the convictions on these two counts should be vacated, but maintain that the case need not be remanded for resentencing because it does not affect the overall sentencing scheme. (*See* Trial Ct. Op., at 3; Commonwealth's Brief, at 2). We agree.

Our standard of review of this matter is well-settled.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

- 3 -

may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Davison***, 177 A.3d 955, 957 (Pa. Super. 2018) (citation omitted).

The Crimes Code provides, in pertinent part, that a person is guilty of firearms not to be carried without a license if: "Except as provided in paragraph (2), [he] carries a firearm . . . concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter[.]" 18 Pa.C.S.A. § 6106(a)(1). Further, "[n]o person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless: (1) such person is licensed to carry a firearm[.]" 18 Pa.C.S.A. § 6108(1). Pursuant to this Firearms Act, "firearm" is defined, in relevant part, as "[a]ny pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches." 18 Pa.C.S.A. § 6102.

Here, as conceded by the trial court, the Commonwealth did not establish the length of the gun possessed by Appellant. (***See*** Trial Ct. Op., at

3).[3]  After our independent review of the record, we agree.  Although Ms. Butler described the color of the weapon, the Commonwealth presented no evidence of its size.  (*See* N.T. Trial, 2/17/17, at 15).  Accordingly, we agree with the court and Appellant that the evidence was not sufficient to establish that he possessed a firearm as defined by section 6102.  *See Davison*, *supra* at 957.  Hence, we vacate Appellant's conviction for violation of 18 Pa.C.S.A. §§ 6106 and 6108.  However, because the court did not impose penalties on these convictions, our disposition does not affect the overall sentencing scheme, and we decline to remand for resentencing.  *See Commonwealth v. Demor*, 691 A.2d 958, 963 n.9 (Pa. Super. 1997), *appeal denied*, 704 A.2d 1380 (Pa. 1997) ("[I]t is unnecessary for us to remand this case for resentencing since our decision did not alter the lower court's sentencing scheme.") (citation omitted).

In Appellant's second issue, he argues that the court imposed an illegal mandatory minimum sentence on his charge of burglary "because [section] 9714 is unconstitutional as currently drafted." (Appellant's Brief, at 26).  This issue does not merit relief.

> The scope and standard of review applied to determine the legality of a sentence are well established.  If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated.  In evaluating a trial court's application of a statute, our

---

[3] The Commonwealth also agrees that these convictions should be vacated. (*See* Commonwealth's Brief, at 2).

standard of review is plenary and is limited to determining whether the trial court committed an error of law.

**Commonwealth v. Dixon**, 161 A.3d 949, 951 (Pa. Super. 2017) (citation omitted).

Section 9714 of the Judicial Code provides, in pertinent part:

Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

42 Pa.C.S.A. § 9714(a)(1).

Instantly, Appellant maintains that imposing a mandatory minimum sentence pursuant to section 9714 violates **Alleyne v. United States**, 570 U.S. 99 (2013), in which the United States Supreme Court held that any fact that increases a mandatory minimum sentence must be found beyond a reasonable doubt by the fact-finder. **See Alleyne**, **supra** at 103; (**see also** Appellant's Brief, at 26-47). However, Appellant acknowledges that, in **Commonwealth v. Reid**, 117 A.3d 777 (Pa. Super. 2015), this Court held that "**Alleyne** did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses." (Appellant's Brief, at 26) (quoting **Reid**, **supra** at 784 (record citation omitted)). In fact, he expressly concedes that, "following **Alleyne**, this Honorable Court held in . . . [**Reid**] that [section] 9714 is not constitutionally infirm in the wake of **Alleyne**." (**Id.** at 38). In spite of this concession, he urges this Court to "change [] existing

law[,]" and conclude that section 9714 is unconstitutional. (***Id.*** at 26; ***see id.*** at 26-47).

We decline Appellant's invitation because this Court is "an error correcting court[.]" ***Commonwealth v. Snyder***, 60 A.3d 165, 178 (Pa. Super. 2013), *appeal denied*, 70 A.3d 811 (Pa. 2013) (citation omitted). Therefore, "we will affirm trial court decisions which are in accord with principles of law adopted by prior appellate court decisions." ***Id.*** (citation omitted).

Here, at the time of committing the crimes in this case, Appellant had a prior conviction for robbery, a crime of violence. Therefore, the trial court did not commit an error of law in imposing a mandatory minimum sentence pursuant to section 9714 where this was "in accord with principles of law adopted by prior appellate court decisions." ***Id.*** (citation omitted); ***see also Dixon***, ***supra*** at 951; 42 Pa.C.S.A. § 9714.

Judgment of sentence affirmed in part and vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/18

- 7 -