J-S79024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTINE MARIE MARTIN | : | |
| | : | |
| Appellant | : | No. 878 MDA 2018 |

Appeal from the Judgment of Sentence May 21, 2018
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0001418-2017

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:          **FILED: JANUARY 10, 2019**

Appellant, Kristine Marie Martin, appeals from the judgment of sentence entered on May 21, 2018.  In this direct appeal, Appellant's court-appointed counsel filed both an application to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's application to withdraw and affirm the judgment of sentence.

On October 27, 2017, Appellant was traveling eastbound on Potato Road.  She crossed into the westbound lane, struck a road sign, and struck a tree on an embankment.  Pennsylvania State Police Trooper George Weis

investigated the accident. He noticed that Appellant had glassy eyes and an odor of alcohol emanating from her breath. When Appellant spoke to Trooper Weis, her speech was slurred.

On January 10, 2018, the Commonwealth charged Appellant via criminal information with driving under the influence-general impairment ("DUI-general impairment")[1] and disregarding traffic lanes.[2] On April 19, 2018, she was convicted of both offenses. On May 21, 2018, the trial court sentenced her to an aggregate term of two days to six months' imprisonment. This timely appeal followed.[3]

Appellant's counsel raises one issues in his **Anders** brief:

Did the Commonwealth present sufficient evidence at trial to sustain Appellant's conviction for [DUI-general impairment]?

**Anders** Brief at 5.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Blauser**, 166 A.3d 428, 431 (Pa. Super. 2017) (citation omitted). To withdraw under **Anders**, court-appointed counsel

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3309(1).

[3] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se*, or raise any additional points worthy of this Court's attention.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa. Super. 2017) (cleaned up).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Santiago**, 978 A.2d 349, 355 n.5 (Pa. 2009), *quoting* **McClendon**, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations.[4] We now turn to whether this appeal is wholly frivolous.

"The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Edwards**, 177 A.3d 963, 969 (Pa. Super. 2018) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether viewing all the evidence

_____

[4] Appellant did not file a response to counsel's **Anders** brief.

admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Sweitzer***, 177 A.3d 253, 257 (Pa. Super. 2017) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . The finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." ***Commonwealth v. Davison***, 177 A.3d 955, 957 (Pa. Super. 2018) (cleaned up).

In order to sustain a DUI-general impairment conviction, "the Commonwealth [must] prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." ***Commonwealth v. Eichler***, 133 A.3d 775, 790 (Pa. Super. 2016), *appeal denied*, 161 A.3d 791 (Pa. 2016). Appellant told Trooper Weis that she was driving, operating, or in physical control of the vehicle. Thus, there was sufficient evidence to prove the first element of DUI-general impairment.

We next turn to whether there was sufficient evidence to prove Appellant was intoxicated to the point of being incapable of safe driving. Our Supreme Court has explained

> [t]he types of evidence that the Commonwealth may proffer in a [DUI-general impairment] prosecution include but are not limited

- 4 -

to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

*Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

The trial court was able to hear Appellant's slurred speech because the videotaped interaction between Appellant and Trooper Weis was played at trial. Trooper Weis testified that Appellant had glassy eyes and an alcoholic odor emanating from her breath. Moreover, Appellant drove off the road despite normal road conditions.[5] Most of the factors that our Supreme Court has identified as evidencing intoxication to a level where an individual is incapable of safe driving are present. Hence, even assuming *arguendo* that Appellant's unsteady walk did not indicate that she was intoxicated to the point of being unable to operate a vehicle safety, there was sufficient evidence for the trial court to find Appellant guilty of DUI-general impairment.

In sum, we conclude that the issue raised in counsel's **Anders** brief is wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore,

---

[5] Appellant testified that the accident was a result of her braking to avoid a collision. The trial court, however, did not credit this testimony. As noted above, we must view the evidence in the light most favorable to the Commonwealth and the trial court was free to believe all, part, or none of Appellant's testimony.

we grant counsel's request to withdraw. Having determined that the issue raised on appeal is wholly frivolous, we affirm the judgment of sentence.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/10/2019