J-S03010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSE LUIS TORRES :
:
Appellant : No. 699 MDA 2023

Appeal from the Judgment of Sentence Entered May 17, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001900-2021

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED: FEBRUARY 14, 2024**

Appellant, Jose Luis Torres, appeals from the judgment of sentence

entered on May 17, 2023. We affirm.

The trial court ably summarized the underlying facts of this case:

> The minor victim, [D.L.] (the "Victim"), resided [in
> Shenandoah Borough, Pennsylvania]. On November 29,
> 2021, the Victim was returning home from a bank and/or an
> automated teller machine ("ATM"). Prior to the Victim
> returning home, Appellant entered the [Victim's apartment]
> building, observed a video camera, adjusted his hood and
> repositioned the recording device. He later moved down the
> hall to a stairwell. As the Victim entered the apartment
> building, [Appellant's co-conspirator, Damian Way
> ("Appellant's Co-Conspirator"),] followed him inside.
> Appellant, who was already located inside the building,
> approached the Victim from the stairs. The Victim recognized
> Appellant during the incident, and identified Appellant during
> the jury trial. [Further, the Victim knew Appellant's
> Co-Conspirator, as they] had attended school together in the
> past. [Indeed,] prior to the November 29, 2021 incident, the
> Victim had lived with [Appellant, Appellant's Co-Conspirator,

and the mother of Appellant's Co-Conspirator] for approximately one week. . . .

During the November 29, 2021 incident, Appellant and [Appellant's Co-Conspirator] cornered the Victim in the hallway of the apartment building. The Victim was hit in the head with an unidentified object, his glasses were broken, and [Appellant and Appellant's Co-Conspirator] took the Victim's Apple iPhone XR cellphone and wallet, which contained the Victim's identification card, social security card, and bank card. The Victim could not recall whether Appellant said anything to him during the altercation. However, the Victim [testified that he] felt scared, nervous, confused [and] intimidated during the incident. The Victim did not receive medical attention following the altercation, and he did not engage in any personal treatment. Following the incident, the Victim contacted the police using a family friend's phone. [Pennsylvania State] Trooper Jordan Mroczka . . . responded to the call, and observed a minor contusion on the Victim's forehead. Trooper Mroczka obtained video surveillance footage from [the apartment building]. The Victim's cellphone was never recovered by the police.

Trial Court Opinion, 6/28/23, at 2-3 (quotation marks omitted).

Following a jury trial, Appellant was found guilty of numerous crimes, including robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv) and conspiracy to commit robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv). On May 5, 2023, the trial court sentenced Appellant to serve a term of 30 to 60 months in prison for robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv) and to serve a consecutive term of 30 to 60 months in prison for conspiracy to commit robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv), for an aggregate sentence of five to ten years in prison. N.T. Sentencing, 5/5/23, at 6-7. Appellant did not challenge the discretionary aspects of his sentence at the sentencing hearing and Appellant

did not file a post-sentence motion. However, Appellant filed a timely notice of appeal.

Appellant raises three claims to this Court:

1. Did the Commonwealth fail to present evidence to prove count one robbery inflict or threaten to inflict bodily injury beyond a reasonable doubt?

2. Did the Commonwealth fail to present evidence to prove beyond a reasonable doubt that [Appellant] was involved in a conspiracy to commit robbery?

3. Does the [trial] court's failure to address the sentencing guidelines and sentence beyond the aggravated range implicate the legality of sentence?

Appellant's Brief at 5.

Appellant's first two issues contend that the evidence was insufficient to support his convictions. We review Appellant's sufficiency of the evidence challenges under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all

evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Callen***, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

First, Appellant claims that the evidence was insufficient to support his robbery conviction. Appellant was convicted of robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv). This section declares:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
> . . .
>
> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury.

18 Pa.C.S.A. § 3701(a)(1)(iv). The term "bodily injury" means "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

On appeal, Appellant claims that the evidence was insufficient to support his robbery conviction because "there was no testimony that would meet the definition of bodily injury or substantial pain." Appellant's Brief at 11. Appellant's claim fails.

As we have held, to sustain a robbery conviction under subsection 3701(a)(1)(iv), the victim does not need to testify as to his subjective state of mind. We explained:

> In determining whether all of the elements of the crime of robbery have been met, a reviewing court will consider the defendant's intent and actions and not necessarily the

- 4 -

> subjective state of mind of the victim. Whether the victim was in fact put in fear under such circumstances [is] not controlling.

*Commonwealth v. Davison*, 177 A.3d 955, 957 (Pa. Super. 2018) (quotation marks and citations omitted); *see also Commonwealth v. Leatherbury*, 473 A.2d 1040, 1042 (Pa. Super. 1984) (holding: "[w]hen appellant and another young man came up behind [an] elderly man who was walking alone at 1:15 in the morning, grabbed him by both arms, and demanded his money and his wallet, the trier of the facts could infer that the young men intended to acquire the victim's money by placing him in fear of immediate bodily injury. Neither the fact that they did not inflict bodily injury nor that they were unsuccessful in obtaining the victim's money was controlling. An aggressive act intended to place the victim in fear that he was in danger of immediate physical harm was sufficient to elevate an attempted theft to robbery, 18 Pa.C.S.A. § 3701(a)(1)(iv). Whether the victim was in fact put in fear under such circumstances [is] not controlling").

Further, as is relevant to the current issue, the language of Section 3701(a)(1)(ii) is substantively identical to that contained in Section 3701(a)(1)(iv). *Compare* 18 Pa.C.S.A. § 3701(a)(1)(ii) ("A person is guilty of robbery if, in the course of committing a theft, he: ... (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury"), *with* 18 Pa.C.S.A. § 3701(a)(1)(iv) ("A person is guilty of robbery if, in the course of committing a theft, he: ... (iv) ... threatens another with or intentionally puts him in fear of immediate bodily injury"). This Court has held that, to

determine whether the victim has been placed in fear of serious bodily injury for purposes of Section 3701(a)(1)(ii), a court must utilize an objective standard. We explained:

> The evidence is sufficient to convict a defendant of robbery under [Section 3701(a)(1)(ii)] if the evidence demonstrates aggressive actions that threatened the victim's safety. The court must focus on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury. Additionally, this Court has held that the threat need not be verbal....
>
> When determining whether a victim has been placed in fear of serious bodily injury, this Court uses an objective standard; therefore, the victim's subjective state of mind during the robbery is not dispositive. **Commonwealth v. Kubis**, 978 A.2d 391, 398 (Pa. Super. 2009) (concluding that the nature of appellant's threat to stab the victim was such that a reasonable person in the victim's position would fear for his life or safety even though no knife was physically produced during robbery).

**Commonwealth v. Valentine**, 101 A.3d 801, 807 (Pa. Super. 2014) (quotation marks, corrections, and some citations omitted).

Since the pertinent language in Sections 3701(a)(1)(ii) and 3701(a)(1)(iv) is substantively identical, **Valentine's** above-quoted analysis and holding is equally applicable to Section 3701(a)(1)(iv). As such, to determine whether a defendant "threaten[ed] another with or intentionally put[] him in fear of immediate bodily injury" for purposes of Section 3701(a)(1)(iv), this Court must utilize an objective standard. **See id.**

As the trial court ably explained, the evidence was indeed sufficient to support Appellant's robbery conviction under 18 Pa.C.S.A. § 3701(a)(1)(iv),

as the Commonwealth proved, beyond a reasonable doubt, that Appellant "threaten[ed the Victim] with or intentionally [placed] him in fear of immediate bodily injury":

> In the instant matter, the Victim previously lived with Appellant and [Appellant's Co-Conspirator] before moving to an apartment building across the street. On the day of the incident, Appellant was caught on surveillance video entering [the Victim's apartment building,] adjusting his hood, and repositioning the surveillance camera. Appellant then positioned himself at a stairwell in the apartment building, and waited for the Victim to return home. When the Victim entered the building, he was followed by [Appellant's Co-Conspirator]. [Appellant and Appellant's Co-Conspirator] then cornered the Victim in the hallway, hit him in the head with an object, took his phone and wallet, and fled the scene. The Victim suffered a minor contusion on his forehead and his glasses were broken during the altercation. Based on these facts and the video surveillance footage, the jury could infer that the aggressive acts of [Appellant and Appellant's Co-Conspirator] were intended to obtain the Victim's cellphone and wallet by placing him in fear of immediate bodily injury.

Trial Court Opinion, 6/28/23, at 5.

We agree with the trial court's able analysis and conclude that Appellant's first claim on appeal thus fails.

Second, Appellant claims that the evidence was insufficient to support his conviction for conspiracy to commit robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv). Although Appellant's specific claim on appeal is not altogether clear, it appears as though Appellant contends that the jury rendered a "general verdict" on the conspiracy charge and, thus, Appellant "can only be sentenced for conspiracy to commit the less serious underlying

offense." ***See*** Appellant's Brief at 13; ***see also Commonwealth v. Riley***, 811 A.2d 610 (Pa. Super. 2002) (holding: "in the absence of clear evidence of the jury's intent to the contrary, a general conspiracy verdict must be resolved in favor of the defendant, and may be construed only as a conviction of conspiracy to commit the least serious underlying offense for which the jury could properly have found the defendant to have conspired to commit").

Appellant's claim immediately fails, as it is factually baseless. Certainly, at the conclusion of trial, the clerk of courts announced the jury's verdict – and the clerk specifically announced that the jury had found Appellant guilty of "criminal conspiracy to robbery, threatens another or puts fear of bodily harm." ***See*** N.T. Trial, 1/25/23, at 126 (declaring: "And now, this 25th day of January of the year 2023, we, the jurors in the above-empaneled case, find [Appellant] . . . Count 2, criminal conspiracy to robbery, threatens another or puts fear of bodily harm, guilty"). Appellant's claim that the jury rendered a general verdict on the criminal conspiracy charge is thus belied by the record and necessarily fails.

Finally, Appellant claims that the trial court erred at sentencing, when it sentenced him "beyond the aggravated range." Appellant's Brief at 13. Although Appellant claims that this fact causes his sentence to be "illegal", the trial court sentenced Appellant within the statutory maximum terms for both robbery and conspiracy to commit robbery. ***See*** 18 Pa.C.S.A. § 3701(b)(1) ("robbery under subsection (a)(1)(iv) . . . is a felony of the second degree"); 18 Pa.C.S.A. § 905(a) ("[e]xcept as otherwise provided in this title, attempt,

solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy"); 18 Pa.C.S.A. 1103(2) (providing a ten-year statutory maximum term for a felony of the second degree). Appellant's claim on appeal thus plainly implicates the discretionary aspects of his sentence. ***See also Commonwealth v. Holiday***, 954 A.2d 6, 9 (Pa. Super. 2008) (holding: a claim "that the sentence imposed was well above the aggravated range of the sentencing guidelines" is a challenge to the discretionary aspects of a sentence).

Appellant's discretionary aspects of sentencing claim is waived, as Appellant did not raise the claim at sentencing or in a post-sentence motion. ***See*** Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024