J-S09018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARDELL A. ABRAMS | : | |
| | : | |
| Appellant | : | No. 971 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006844-2019

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 2, 2024**

Appellant Mardell A. Abrams appeals from the judgment of sentence imposed following his jury trial for robbery and related offenses. Appellant challenges the sufficiency of the evidence solely for the conviction for robbery-inflicting bodily injury. We affirm.

By way of background, on June 4, 2019, Appellant entered a gas station and argued with the cashier, claiming he was shortchanged for gasoline. N.T. Trial, 6/28/22, at 26-33; Commonwealth Ex. C-9.[1] Appellant then attempted to take motor oil from the gas station without first paying for it; in response

---

[1] Commonwealth Exhibit C-9 is a video recording that the cashier made, with his mobile phone, of the original store surveillance video of June 4, 2019. The original video "was erased in accordance with the store's protocol." *Commonwealth v. Abrams*, 2099 EDA 2020, 2022 WL 164560, at *3 (Pa. Super. filed Jan. 19, 2022) (unpublished mem.). In a prior appeal, this Court addressed whether the cashier's recording of the now-erased original video was admissible at trial. *Id.* at *2. This Court reversed the trial court's order granting Appellant's motion to preclude the video. *Id.* at *5.

the cashier, from inside the cashier's booth, briefly locked the exit door for a few seconds. Commonwealth Ex. C-9. Appellant then left the motor oil on the cashier's booth counter and walked towards the exit door. *Id.* When Appellant headed to the exit door, the cashier came out of the booth to retrieve the motor oil and re-shelve it. *Id.* As the cashier was re-shelving the motor oil, Appellant approached the cashier and reached into the cashier's pants pocket. *Id.* When the cashier resisted, Appellant grabbed the cashier, knocking him to the floor. *Id.* While the cashier was lying on the floor, Appellant punched him in the head several times, dragged him across the floor, and picked through his pockets. *Id.* Appellant then left the store with the cashier's keys, wallet, and mobile phone. *Id.*

In the aftermath of Appellant's assault, the cashier had difficulty getting up off the floor, was visibly shaken, and unable to walk straight or maintain his balance. *Id.* Shortly after Appellant left the store, he was apprehended by police officers, who had observed him throw away the cashier's keys, wallet, and mobile phone as he attempted to flee. N.T. Trial, 6/28/22, at 60-81.

Appellant was charged with aggravated assault, robbery-inflicting bodily injury, theft by unlawful taking, simple assault, and recklessly endangering another person (REAP).[2] Criminal Information, 9/30/19. On June 29, 2022,

---

[2] 18 Pa.C.S. §§ 2702(a), 3701(a)(1)(iv), 3921(a), 2701(a), and 2705, respectively.

a jury found Appellant guilty of robbery-inflicting bodily injury, theft by unlawful taking, and simple assault, and acquitted Appellant of aggravated assault and REAP. Trial Disposition Form, 7/13/2, at 1-2. On April 11, 2023, the trial court sentenced Appellant to three years and six months to seven years' incarceration for robbery, with no additional penalty for the other offenses. Sentencing Order, 4/11/23, at 1-2 (unpaginated).

Appellant filed a timely notice of appeal[3] and a Pa.R.A.P. 1925(b) statement. The trial court did not file a Rule 1925(a) opinion.

On appeal, Appellant raises the following issue for our review:

> Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of 2nd degree Robbery, in violation of 18 Pa.C.S. § 3701, beyond a reasonable doubt?

Appellant's Brief at 6.

Appellant argues that the evidence was insufficient to prove that he inflicted bodily injury, threatened another with immediate bodily injury, or intentionally put another in fear of immediate bodily injury. *Id.* at 12-13.

_____

[3] Appellant's counsel filed a notice of appeal on April 12, 2023. Appellant's Notice of Appeal, 4/12/23. Appellant also filed a *pro se* notice of appeal, dated April 17, 2023 and docketed by the trial court on April 20, 2023. Appellant's *Pro Se* Notice of Appeal, 4/20/23. The trial court did not transmit Appellant's duplicative *pro se* notice of appeal to this Court for docketing. As Appellant's right to appeal was preserved by Appellant's counseled timely notice of appeal, we note that this *pro se* filing is duplicative of Appellant's counseled notice of appeal, and we need not take any further action with regard to it. **See generally Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011).

Specifically, Appellant contends that although he attempted to steal motor oil, the victim initiated the confrontation by locking the store exit door and preventing Appellant from leaving. *Id.* at 12 (citing N.T. Trial, 6/28/22, at 29-31). Appellant further argues that the victim's state of mind and conduct is relevant to whether Appellant intended to put the victim in fear of immediate bodily injury. *Id.* (citing **Commonwealth v. Kubis,** 978 A.2d 391 (Pa. Super. 2009); **Commonwealth v. Rodriquez**, 673 A.2d 962 (Pa. Super. 1996); **Commonwealth v. Leatherbury,** 473 A.2d 1040 (Pa. Super. 1984)). Appellant concludes that because the Commonwealth did not produce any evidence to establish that Appellant "initiated the altercation[,]" the evidence was insufficient to sustain his conviction for robbery. *Id.* at 12-13.

Our standard of review begins by noting that "[a] claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. James,** 297 A.3d 755, 764 (Pa. Super. 2023) (citation omitted).

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

*Commonwealth v. Keister,* 292 A.3d 1138, 1141 (Pa. Super. 2023) (citation omitted).

Section 3701 of the Crimes Code defines robbery-inflicting bodily injury, in relevant part, as follows: "A person is guilty of robbery if, in the course of committing a theft, he . . . inflicts bodily injury upon another **or** threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S. § 3701(a)(1)(iv) (emphasis added); *see also Commonwealth v. Davison,* 177 A.3d 955, 958-59 (Pa. Super. 2018) (noting that robbery defined in Section 3701(a)(1)(iv) focuses on "bodily injury and two, possible variances[,]" and recognizing separate bases for conviction when evidence establishes both bodily injury and fear of immediate bodily injury (citation omitted)).

Section 3701 also provides that, "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S. § 3701(a)(2). "Bodily injury" is defined in the Crimes Code as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Based on our review of the record, viewing the evidence in the light most favorable to the Commonwealth as the prevailing party, the evidence was sufficient to sustain Appellant's conviction for robbery. *See Keister,* 292 A.3d at 1141. Specifically, the store surveillance video and the victim's testimony were sufficient evidence for the jury to find beyond a reasonable doubt that Appellant inflicted bodily injury on the victim in the course of

committing a theft. *See* 18 Pa.C.S. § 3701(a)(1)(iv); *Davison,* 177 A.3d at 958-59.

Appellant's reliance on *Kubis* and *Rodriquez* is misplaced as those cases addressed different subsections of the robbery statute, and 'infliction of bodily injury' was not an element of those offenses. *See Kubis,* 978 A.2d at 397-98 (discussing Sections 3701(a)(1)(ii) and 3701(a)(1)(iii)); *Rodriquez,* 673 A.2d at 966 (discussing Section 3701(a)(1)(ii)). Although *Leatherbury* considered the relevant subsection, Section 3701(a)(1)(iv), it dealt with an attempted theft where no bodily injury was alleged or established. *Leatherbury,* 473 A.2d at 1042. The *Leatherbury* Court addressed whether, in the absence of bodily injury, the defendant's conduct put the victim in fear of immediate bodily injury. *Id.* at 1042-43. Here, it is undisputed that Appellant inflicted bodily injury to the victim in the course of committing a theft; therefore *Leatherbury* is not applicable to the facts of this case.

Appellant invites us, without citation to authority, to consider only his attempt to steal motor oil and the victim's response to that conduct, and to treat Appellant's subsequent conduct as immaterial. We decline to conclude that Appellant's conduct in knocking victim to the ground and punching him repeatedly in the head, *inter alia*, while taking the victim's keys, wallet, and phone by physical force, is immaterial to Appellant's robbery conviction. The record establishes that the Appellant inflicted bodily injury on the victim when he took the victim's keys, wallet, and phone. *See* N.T. Trial, 6/28/22, at 31-

32; Commonwealth Ex. C-9. Therefore, the evidence was sufficient to establish that Appellant inflicted bodily injury on the victim in the course of committing a theft. *See* 18 Pa.C.S. § 3701(a)(1)(iv); **Davison,** 177 A.3d at 958-59. Appellant is not entitled to relief on this claim.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024